UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IAN HENDRY and NICHOLA HENDRY,

    Plaintiffs,                                Case No. 10-10679

v.                                         HONORABLE DENISE PAGE HOOD

UNITED STATES OF AMERICA, CAROLYN
WARDLE and CHRISTOPHER WARDLE,

    Defendants.
_____/

**OPINION AND ORDER DENYING THE UNITED STATES'
MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT 1
and
ORDER WITHDRAWING PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT AGAINST CAROLYN WARDLE**

**I.    BACKGROUND**

For purposes of this motion, the parties do not dispute the facts. Plaintiffs Ian Hendry and Nichola Hendry filed the instant action against Defendants United States of America, Carolyn Wardle and Christopher Wardle on February 18, 2010 alleging: Complaint to Release Lien (Quiet Title) (Count I); Breach of Warranty Deed Against Carolyn Wardle (Count II); Breach of Contract against Carolyn Wardle (Count III); Innocent Misrepresentation Against Carolyn Wardle (Count IV); and, Unjust Enrichment Against Carolyn Wardle and Christopher Wardle (Count V).

The United States filed a Counterclaim on April 30, 2010 against the Hendrys, Carolyn Wardle, defendant-taxpayer Christopher Wardle and Franklin Bank, a division of First Place Bank (substituted by Mortgage Electronic Registration Systems, Inc. on July 7, 2010), to reduce to judgment outstanding liabilities for internal revenue taxes of the counterclaim defendant-taxpayer

Christopher Wardle, and (2) foreclose the United States' tax liens upon the property at issue. On March 16, 2011, the Court entered a Stipulation and Order dismissing the United States' claims for conversion against Carolyn Wardle.

Carolyn Wardle filed a Cross-Claim for Indemnity against Cross-Defendant Christopher Wardle on April 9, 2010 alleging: Breach fo Contract (Count I); Unjust Enrichment (Count (II); and, Fraud/Misrepresentation (Count III). Carolyn Wardle also filed a Third-Party Complaint against Devon Title Agency on April 9, 2010 alleging: Breach of Contract (Count I); Negligence (Count II); and, Fraud/Misrepresentation (Count III).

Third Party Defendant Eliseco, Inc. d/b/a Devon Title Agency filed a Cross Complaint and Counter Complaint against Cross-Defendant Christopher Wardle and Third Party Plaintiff Carolyn Wardle on July 1, 2010, alleging: Unjust Enrichment (Count I); and, Breach of Closing Affidavit and Indemnity as to Carolyn Wardle (Count II).

On March 16, 2011, the Court entered a Stipulation and Order dismissing Carolyn Wardle's Third-Party Complaint against Devon Title Agency and Devon Title Agency's Counterclaim and Cross-Complaint against Carolyn Wardle. The motions filed by the parties relating to issues involving Devon Title Agency were withdrawn by the parties, including Plaintiffs' Motion for Partial Summary Judgment on Count 2 against Carolyn Wardle, Devon Title Agency's Motions for Summary Judgment against Carolyn Wardle and Joint Motion to add Land America Transnation Title Insurance Company.

The instant action is related to Case No. 10-11430, *United States of America v. Wardle, et al.,* which is consolidated with this case for discovery and motion practice only. It is noted that in Case No. 10-11430, Defendant Christopher Wardle agreed to a Judgment in favor of the United

States in the amount of $1,020,637.86 entered on January 4, 2011.

The property at issue in this action is located at 5600 Brookdale, Bloomfield Hills, Michigan 48304 ("Property"). Christopher Wardle and Carolyn Wardle acquired the Property at issue on June 15, 2004. On September 4, 2006, Trust Fund penalty taxes were assessed against Christopher Wardle pursuant to 26 U.S.C. § 6672 for the tax periods ending 3/31/03, 6/30/04 and 9/30/04.

Christopher Wardle and Carolyn Wardle entered into a property settlement agreement ("Settlement Agreement") in connection with a pending divorce proceeding on September 15, 2006. The Agreement stated that Carolyn Wardle, "shall be awarded the marital home and its contents, located at 5600 Brookdale Road, Bloomfield Hills, Michigan 48304 as her sole and separate property, free and clear of any interest of the Defendant [Christopher Wardle], and shall hold the Defendant harmless for liabilities thereon." (Ex. 2, Agreement, ¶ 3, Govt. Br., Doc. 48)

The United States filed with the Oakland County Register of Deeds a Notice of Federal Tax Lien in the amount of $564,576.65 against Christopher Wardle on October 12, 2006. (Ex. 3, Govt. Br., Doc. 48) A Quit Claim Deed was filed on October 23, 2006 with the Oakland County Register of Deeds transferring any interest Christopher Wardle had in the Property to Carolyn Wardle. (Ex. 4, Govt. Br., Doc. 48)

On January 20, 2007, Carolyn Wardle entered into a New Mortgage Purchase Agreement to sell the Property to Ian Hendry and Nichola Hendry in the amount of $900,000.00. (Ex. 6, Plaintiffs' Br., Doc. 63) On March 15, 2007, a Warranty Deed was filed with the Oakland County Register of Deeds transferring the Property from Carolyn Wardle to Ian Hendry and Nichola Hendry. (Ex. 5, Govt. Br., Doc. 48)

This matter is before the Court on the Defendant United States' Motion for Partial Summary

Judgment on Count 1. Responses and replies have been filed and a hearing held on the matter.

## II.     ANALYSIS

### A.     United States' Motion for Partial Summary Judgment as to Count I of Hendrys' Complaint

#### 1.     Summary Judgment Standard

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

#### 2.     Purchaser Definition

The United States, Carolyn Wardle and the Hendrys all agree that the main issue in the United States' motion is whether Carolyn Wardle is considered a "purchaser" under section 6323 of the Internal Revenue Code, which would give her priority over the federal tax lien. The United States argues that Carolyn Wardle is not a purchaser under the statute by virtue of the Settlement Agreement entered between Carolyn Wardle and her former husband, Christopher Wardle. Carolyn Wardle and the Hendrys argue that Carolyn Wardle was a purchaser under the statute and as a purchaser, the federal tax lien is invalid as to her interest.

No one disputes that the federal tax lien assessed by the United States against Christopher Wardle is valid and that the federal tax lien arose when the taxes were assessed on September 4, 2006. 26 U.S.C. §§ 6321, 6322. Section 6323 governs the priority and validity of the lien imposed in § 6321 which provides that "[t]he lien imposed by section 6321 shall not be valid as against any ***purchaser,*** holder of a security interest, mechanic's lien, or judgment lien creditor ***until*** notice thereof which meets the requirements of subsection (f) has been filed by the Secretary." 26 U.S.C. § 6323(a)(emphasis added). A "purchaser" is defined as "a person who, for adequate and full consideration in money or money's worth, acquires an interest (other than a lien or security interest) in property which is valid under local law against subsequent purchasers without actual notice." 26 U.S.C. § 6323(h)(6).

In Michigan, "[e]very conveyance of real estate within the state hereafter made, which shall not be recorded as provided in this chapter, shall be void as against any subsequent purchaser in good faith and for a valuable consideration, of the same real estate of any portion thereof, whose conveyance shall be first duly recorded." M.C.L.A. 565.29. It is the United States' argument that because its lien, filed on October 12, 2006, was filed prior to the Quit Claim Deed transferring

5

Christopher Wardle's interest of the Property solely to Carolyn Wardle, which was filed on October 23, 2006, the United States' lien is superior to that of Carolyn Wardle's interest in the property. The United States claims that any transfer of the property subsequent to the attachment of the lien to the Hendrys does not affect the United States' lien. *United States v. Bess,* 357 U.S. 51, 57 (1958).

The Hendrys and Carolyn Wardle argue that when Carolyn Wardle entered into the Settlement Agreement with Christopher Wardle on September 15, 2006, Carolyn Wardle became a purchaser of the property under § 6323(a) and that there was no requirement to file the Settlement Agreement with the Register of Deeds. The United States asserts that there was insufficient consideration by Carolyn Wardle when she entered into the Settlement Agreement with Christopher Wardle. The Hendrys and Carolyn Wardle assert that because Carolyn Wardle gave up other marital property rights, as part of the Settlement Agreement, in exchange for sole interest in the Property at issue, there was sufficient consideration under Michigan law.

The federal statute provides that local law governs in determining whether the interest in the property is valid. 26 U.S.C. § 6323(h)(6). In Michigan, an agreement to settle a lawsuit, including an agreement regarding the distribution of assets in a divorce action, is governed by the principles generally applicable to the interpretation of contracts. *Keyser v. Keyser,* 182 Mich. App. 268, 269-70 (1990); *Kloian v. Domino's Pizza,* 273 Mich. App. 449, 552 (2006). Generally, courts will not inquire into the adequacy of consideration. *Gen. Motors Corp. v. Dep't of Treasury,* 466 Mich. 231, 239 (2002). The Michigan Supreme Court has held that releasing all rights to certain property is sufficient consideration in a divorce settlement. *Chittock v. Chittock,* 101 Mich. 367, 368 (1894). Based on Michigan law, Carolyn Wardle gave adequate and sufficient consideration when she gave up certain interest in other marital properties in exchange for obtaining sole interest in the Property

at issue as set forth in the Settlement Agreement. The Settlement Agreement was entered into on September 15, 2006. The tax lien was filed on October 12, 2006. Section 6323(a) does not require that the agreement must be filed in order for the "purchaser" to have an "interest" in the Property at issue. Although the Quitclaim Deed was not filed until October 23, 2006, the interest in the Property at issue was transferred to Carolyn Wardle on September 15, 2006. As the United States admits, the tax lien was assessed on September 4, 2006 and perfected on October 12, 2006 when it was filed with the Oakland County Register of Deeds.

The Court finds Carolyn Wardle is a "purchaser" as set forth by Michigan law and under section 6323(a) and (h) at the time she entered into the Settlement Agreement with Christopher Wardle on September 15, 2006. The Court denies the United States' Motion for Partial Summary Judgment based on its argument that Carolyn Wardle did not become a "purchaser" until the Quit Claim Deed was filed on October 23, 2006.

Section 6323(h) provides that the purchaser's interest must be valid against subsequent purchasers "without actual notice." To determine whether the interest is valid, courts must evaluate the issue from the perspective of "all hypothetical subsequent purchasers." *See Robert Mickam Trust v. United States,* 1996 WL 77450 *2 (6th Cir. Feb. 20, 1996)(unpublished). There remains a genuine issue of material fact as to whether the September 16, 2006 Settlement Agreement is sufficient notice, under section 6323(h), which is a separate document from the Quitclaim Deed filed on October 23, 2006. A determination of inquiry notice is a question of fact. *Id.* at *3.

### 3. Validity of the United States' Tax Lien

The United States argues that its tax lien arose on September 4, 2006 when the tax was assessed against Christopher Wardle. Plaintiffs and Carolyn Wardle argue that the United States'

lien was not valid until a notice was filed with the Oakland County Register of Deeds on October 12, 2006.

The lien arises when the taxes are assessed. 26 U.S.C. § 6322. A federal tax lien attaches to all property and rights to the property of a delinquent taxpayer. 26 U.S.C. § 6321. In this case, the tax lien, although not perfected until October 12, 2006 when the United States filed a notice of the tax lien, attached to all of Christopher Wardle's property on September 4, 2006. The United States asserts that the October 12, 2006 filing of its tax lien serves notice as to subsequent interest holders. In its reply, the United States argues that Carolyn Wardle had "some knowledge of her husband's unpaid tax liabilities" prior to the October 12, 2006 filing of the tax lien based on the language set forth in the September 15, 2006 Settlement Agreement between Carolyn Wardle and Christopher Wardle. Paragraph 22 of the Settlement Agreement states that Christopher Wardle "shall indemnify and hold the wife harmless from any liability in connection with any obligation to the Internal Revenue Service, the State of Michigan or any other taxing authority arising from ... previously filed 'companies' tax returns or for any other tax or other liability relative to his 'companies.' ..." (Settlement Agreement, ¶ 22) Based on this language, there remains a genuine issue of material fact as to the extent of Carolyn Wardle's knowledge of the tax assessment by the United States against Christopher Wardle.

### III.     CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the United States' Motion for Partial Summary Judgment as to Count I of the Complaint **[Doc. No. 48, filed 10/21/2010]** is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Partial Summary Judgment as to

Count II of the Complaint **[Doc. No. 63, filed 12/6/2010]** is WITHDRAWN.

                                                          s/Denise Page Hood
                                                          Denise Page Hood
                                                          United States District Judge

Dated: June 24, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 24, 2011, by electronic and/or ordinary mail.

                                                          s/LaShawn R. Saulsberry
                                                          Case Manager